UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASSURED GUARANTY MUNICIPAL CORP.,

                 Plaintiff,

      v.

RBS SECURITIES INC., RBS FINANCIAL PRODUCTS INC., and FINANCIAL ASSET SECURITIES CORP.,

                 Defendants.

Civil Action No.13-cv-2019 (JGK)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MARCH 18, 2014 ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS**

      Plaintiff Assured Guaranty Municipal Corp. ("Assured"), pursuant to Local Civil Rule 6.3, seeks reconsideration of that part of the Court's Order entered on March 18, 2014 ("Order") dismissing Assured's Second Claim for Relief for damages under New York Insurance Law § 3105.

**PRELIMINARY STATEMENT**

      Assured's Second Claim for Relief seeks recovery under § 3105 of claims paid under Assured's financial guaranty insurance policy due to material misrepresentations by Defendants in procuring the policy, but without seeking rescission of the policy. In its Order, the Court concluded that, despite the disavowal in the claim itself, the damages Assured sought were not available because they effectively constitute rescissory damages, which were barred by the Appellate Division in *MBIA Insurance Corp. v. Countrywide Home Loans, Inc.*, 963 N.Y.S.2d 21 (1st Dep't 2013). Assured submits, however, that the Court's decision is contradicted both by the Appellate Division's decision and by additional highly relevant authority of which the Court was not aware that addressed precisely the same issue confronted by this Court. Specifically,

after the Appellate Division's ruling in *MBIA*, the trial court in MBIA issued a subsequent decision expressly addressing the scope of damages available to the plaintiff financial guarantor MBIA in respect of its policies procured by misrepresentation.  In that decision, the MBIA court confirmed that the Appellate Division had held that MBIA was permitted to recover *compensatory* damages under § 3105 in the amount of payments made pursuant to its policies.  On that basis, Assured respectfully seeks reconsideration of the Order and reinstatement of the Second Claim for Relief.

## ARGUMENT

Reconsideration is appropriate where the moving party points to "matters . . . which counsel believes the Court has overlooked," Local Civil Rule 6.3, "that might reasonably be expected to alter the conclusion reached by the court." *Cnty. of Suffolk v. First Am. Real Estate Solutions*, 261 F.3d 179, 187 (2d Cir. 2001).  Assured believes the Court was not aware of and thus overlooked the *MBIA* trial court's *post-appeal* decision discussed herein.

In its § 3105 claim, MBIA did not seek to rescind or avoid its policies, which were irrevocable and unconditional.  It merely sought damages.[1]  The trial court initially held that (i) MBIA could prevail on its § 3105 claim based upon a wrongful inducement to issue insurance, regardless of whether claim payments were made as a result of the misrepresented facts (*i.e.*, under § 3105 there is no "loss causation" requirement analogous to federal securities law loss causation) and (ii) MBIA could recover rescissory damages. *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 936 N.Y.S.2d 513, 527 (N.Y. Sup. Ct. 2012).  Defendant Countrywide challenged both rulings in an interlocutory appeal to the First Department.  The Appellate

---

[1] *See MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, No. 602825/2008, Amended Complaint (Dkt. No. 9) ¶ 179, available at https://iapps.courts.state.ny.us/webcivil/.  In the interests of brevity, Assured has not attached MBIA's operative complaint here.  If the Court wishes, however, Assured can provide a copy of the complaint as well as the related briefing submitted in the Appellate Division and/or the trial court.

Division reversed only the second ruling, rejecting MBIA's claim for rescissory damages, but "otherwise affirmed." *MBIA*, 963 N.Y.S.2d at 21.

Critically, the Appellate Division affirmed that MBIA could prevail on its § 3105 claim without seeking rescission. *Id.* at 22. In so ruling, the Appellate Division specifically rejected Countrywide's argument that § 3105 only allows for rescission, not the recovery of damages, holding that "[a]lthough the Insurance Law provides for 'avoid[ing]' an insurance policy (or rescission), it also mentions 'defeating recovery thereunder'…, which, logically, means something other than rescission. Neither defendants, nor the federal cases on which they rely …, explain why 'defeating recovery thereunder' cannot refer to the recovery of payments made pursuant to an insurance policy without resort to rescission." *Id.* (internal citations omitted). In other words, as discussed at oral argument here, the Appellate Division held that MBIA could prevail on its claim for damages under § 3105 in the amount of "payments made pursuant to [its] insurance polic[ies]." *Id.* Therefore, because the Appellate Division rejected MBIA's claim for *rescissory* damages, the damages the Appellate Division found recoverable under § 3105 must necessarily have been *compensatory*.[2]

Moreover, as we believe this Court was not aware when writing the Order or at oral argument, that was not the end of the story in *MBIA*. Following the Appellate Division's ruling, the trial court issued an additional decision ruling upon the parties' motions for summary judgment in which the court expressly confirmed Assured's interpretation of *MBIA*. The trial court held that, although the Appellate Division's decision barred MBIA from seeking rescissory damages, the Appellate Division also "noted that Countrywide [had] failed to demonstrate that

---

[2] The fact that the quantum of relief for compensatory damages under New York's insurance law may be equivalent to rescissory damages does not convert one form of relief into the other. In any event, it is not clear that the quantum of relief would be equivalent. The quantum of compensatory damages is a matter appropriate for a later stage of the proceeding.

the Insurance Law bars 'the recovery of payments made pursuant to an insurance policy without resort to rescission.'" *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, 39 Misc.3d 1220(A), 2013 N.Y. Misc. LEXIS 1818, **28-29 (N.Y. Sup. Ct. Apr. 29, 2013).  The trial court held that this "supports the conclusion that MBIA's potential recovery … *may include … compensatory damages*." *Id.* (emphasis added).  In other words, the court charged with implementing the Appellate Division's decision in *MBIA* expressly held that "the recovery of payments made pursuant to an insurance policy without resort to rescission," as described in *MBIA*, refers to compensatory, not rescissory, damages.[3]

Accordingly, in light of this authority, Assured respectfully requests that this Court reconsider its Order insofar as it dismissed Assured's Second Claim for Relief, and reinstate such claim, which seeks the same relief permitted by the Appellate Division in *MBIA*.

## CONCLUSION

For the foregoing reasons, Assured respectfully requests that its motion for reconsideration be granted.

Date:  April 1, 2014

                WOLLMUTH MAHER & DEUTSCH LLP

                By:   s/ Randall R. Rainer
                      William A. Maher
                      Randall R. Rainer
                      John E. Lazar

                500 Fifth Avenue
                New York, New York 10110
                (212) 382-3300

---

[3] The trial court decision was not cited by Defendants and was cited by Assured only for its separate holding concerning causation.