**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

─────────────────────────────────────

**Assured Guaranty Municipal Corp.,**

              **Plaintiff,**        **13 Civ. 2019 (JGK)**

        **- v.-**              **MEMORANDUM OPINION AND**
                              **ORDER**

**RBS Securities Inc., et al.,**

              **Defendants.**

─────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

The plaintiff, a monoline insurer, brought this action asserting fraud, aiding and abetting fraud, and violation of the New York Insurance Law § 3105 ("Section 3105") against the defendants in connection with the plaintiff's issuance of an insurance policy in March 2007 (the "Policy").  On March 18, 2014, the Court granted in part and denied in part the defendants' motion to dismiss the plaintiff's Amended Complaint, dismissing the plaintiff's claim under Section 3105 but sustaining the other claims.  The plaintiff now moves under Local Rule 6.3 for reconsideration of the part of the ruling dismissing the plaintiff's Section 3105 claim.


**I.**

"The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1

(S.D.N.Y. Nov. 29, 2011) (citation and internal quotation marks omitted).  The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion.  <u>See</u> <u>Walsh v. McGee</u>, 918 F. Supp. 107, 110 (S.D.N.Y. 1996); <u>In re</u> <u>Houbigant</u>, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  This rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  <u>Walsh</u>, 918 F. Supp. at 110; <u>see also</u> <u>Ackerman v.</u> <u>Ackerman</u>, 920 F. Supp. 2d 473, 474 (S.D.N.Y. 2013).

## II.

The plaintiff has failed to show that there were any issues of fact or controlling law that the Court overlooked.  While the plaintiff disagrees with the Court's decision, that is not a basis for reconsideration.  <u>See, e.g.</u>, <u>R.F.M.A.S., Inc. v. Mimi</u> <u>So</u>, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009).

Moreover, nothing in this motion shows that the Court's decision was incorrect.  The Court previously held that, although Section 3105 may be read to permit recovery of rescissory damages, such damages are not available in this case because the plaintiff cannot and does not seek rescission. Additionally, the rescissory damages are not available because the plaintiff has not demonstrated that rescission is

2

impracticable.  The plaintiff now renews the argument that the
Section 3105 claim should not be dismissed because what the
plaintiff seeks in its claim for payments under the Policy is in
fact compensatory damages, not rescissory damages.

     This argument is without merit and has previously been
rejected by the Court.  "Rescissory damages are designed to be
the economic equivalent of rescission in a circumstance in which
rescission is warranted, but not practicable." Syncora
Guarantee Inc. v. Countrywide Home Loans, Inc., 935 N.Y.S.2d
858, 869-70 (Sup. Ct. 2012) (quoting Gotham Partners, L.P. v.
Hallwood Realty Partners, L.P., 855 A.2d 1059, 1072 (Del. Ch.
2003)).  In other words, rescissory damages "restore a plaintiff
to the position occupied before the defendant's wrongful acts."
Schultz v. Ginsburg, 965 A.2d 661, 669 (Del. 2009) (quoting
Black's Law Dictionary 419 (8th ed. 2004)).

     In this case, for the alleged violation of Section 3105,
the Amended Complaint seeks "damages in the amount of all
payments [the plaintiff] has made and will make pursuant to the
Policy." (Am. Compl. ¶ 120.)  Awarding such damages in this
case (less any premiums, if applicable) would effectively
restore the insurer to the position it would have occupied had
it not issued the Policy.  Therefore, such damages are in fact
the economic equivalent of rescission and are thus clearly
rescissory damages.  See MBIA Ins. Corp. v. Countrywide Home

Loans, Inc. (MBIA I), 936 N.Y.S.2d 513, 523 (Sup. Ct. 2012)
(describing the plaintiff's claim for damages "in the amount
that it has been required to pay pursuant to the Insurance
Policies, less premiums [the plaintiff] received" as a claim for
"rescissory damages"), modified on other grounds, 963 N.Y.S.2d
21 (App. Div. 2013).  The plaintiff's claim closely parallels
the language of the rescissory damages claim in MBIA I.  See 936
N.Y.S.2d at 523.  Moreover, the plaintiff's claim in this case
includes damages for payments that the plaintiff "will make" in
the future, and such language makes it even clearer that the
damages sought are indeed forward-looking rescissory damages.
The plaintiff cannot escape the language of its pleadings by
labeling the rescissory damages it seeks as "compensatory
damages."

     The Court's dismissal of the plaintiff's claim for
rescissory damages is supported by the New York State Supreme
Court Appellate Division's decision in MBIA Ins. Corp. v.
Countrywide Home Loans, Inc. (MBIA II), 963 N.Y.S.2d 21 (App.
Div. 2013), upon which the plaintiff relied in its opposition to
the motion to dismiss and again in this motion for
reconsideration.  In MBIA II, the Appellate Division modified
the lower court's decision in MBIA I, and denied recovery of
rescissory damages for an alleged violation of Section 3105
because such damages are available only in cases in which

4

rescission is warranted but impracticable.  MBIA II, 963
N.Y.S.2d at 22.  The plaintiff in that case, like the plaintiff
here, did not satisfy those conditions and was therefore denied
recovery for rescissory damages.  Id. at 22.  The plaintiff
here, like the plaintiff in MBIA, contracted away any right to
rescission, does not seek rescission, and has not shown that
rescission was impracticable.  Thus, rescissory damages are
legally unavailable.  See Id.

        In its motion for reconsideration, the plaintiff argues
that the decision of the trial court after the remand in MBIA II
indicated that compensatory damages--measured in the same way as
rescissory damages--are available for a violation of Section
3105.  However, that decision, MBIA Ins. Corp. v. Countrywide
Home Loans, Inc. (MBIA III), 39 Misc. 3d 1220(A), 2013 WL
1845588 (N.Y. Sup. Ct. Apr. 29, 2013) (unreported disposition),
does not support the plaintiff's position in any way.  In MBIA
III, the trial court held that:

> While rescissory damages are unavailing for
> the reasons explained by the First
> Department [in MBIA II], nothing in the
> contract language cited above bars other
> forms of monetary damages, such as
> compensatory relief.
>
> . . . .    Thus, the First Department's
> recent ruling supports the conclusion that
> MBIA's potential recovery is not
> contractually limited to the repurchase
> remedy and may include monetary relief, such
> as compensatory damages.

MBIA III, 2013 WL 1845588 at *9.  However, in reaching that conclusion, the court addressed only whether a "sole remedy" provision in a contract barred the plaintiff's claims for breaches of representations and warranties.  Id. at *7-9.  No such claims are asserted in this case; nor are similar issues raised before this Court.  The trial court opinion did not deal with any measure of damages under Section 3105 and did not conclude that rescissory damages were available by having them masquerade as compensatory damages.  Therefore, the decision in MBIA III is irrelevant here and does not show that the Court's reading of MBIA II was erroneous.

Thus, because the plaintiff seeks rescissory damages in this case for its Section 3105 claim, and because such a claim does not satisfy the conditions outlined in MBIA II, namely, that rescission is warranted but impracticable, 963 N.Y.S.2d at 21-23, the plaintiff's claim under Section 3105 was correctly dismissed.  Accordingly, the motion for reconsideration is **denied**.

## CONCLUSION

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the foregoing reasons, the plaintiff's motion for reconsideration is **denied. The Clerk is directed to close Docket No. 34.**

SO ORDERED.

Dated:   New York, New York
         May 8, 2014              _____/s/_____
                                         John G. Koeltl
                                 United States District Judge

7